## COMMONWEALTH *vs.* ELIJAH M. BALDWIN.

Hampden.   Sept. 28. — Oct. 21, 1880.   COLT & MORTON, JJ., absent.

An indictment for abortion alleged that the act was committed on the 7th of a certain month. The principal witness for the government testified that the act was committed on the day alleged, and that the woman died on the next day; and gave a circumstantial account of all that took place between the commission of the act and the death. Several witnesses, including the medical attendant, testified that the death occurred on the 9th of the month. The defendant put in evidence tending to prove that he was out of the State during the whole of the 7th. *Held,* that the attorney for the government was properly allowed to argue to the jury that the act was committed on a day other than the 7th.

INDICTMENT alleging that the defendant, on July 7, 1879, at Springfield, unlawfully used a certain instrument in and upon the body of Emma M. Weller, with intent to procure a miscarriage, and thereby caused the death of said Weller. At the trial in the Superior Court, before *Gardner,* J., the jury returned a verdict of guilty; and the defendant alleged exceptions, the substance of which appears in the opinion.

*G. M. Stearns & H. M. Coney,* (*E. H. Lathrop* with them,) for the defendant.

*F. H. Gillett,* Assistant Attorney General, for the Commonwealth.

LORD, J.   It is not contended in this case that, during the course of the trial, evidence was either improperly received or improperly excluded, or that any rule of law in relation to the crime itself, or the mode of proof, was erroneously adopted.   But

the defendant contends that there was a mistrial, because the district attorney, after all the evidence was in, was allowed to argue to the jury that the day on which the offence was committed was a different day of the month from that alleged in the indictment, and testified to by the principal witness.

The indictment alleges the offence to have been committed on the 7th day of the month. The witness testified that the act was committed on the 7th day of the month. It is contended that the defendant had established an alibi by proof that he was out of the State during the whole of the 7th. If there were nothing else in the case upon the question of time, it would be a very harsh rule of law to hold that counsel, in argument to the jury, could not suggest the mistake in a date by a witness, in order to explain apparent inconsistencies in the evidence. But it is by no means all; and when the whole evidence upon the question of time is taken into consideration, it is certain that the witness was designedly or unintentionally wrong either as to the day or as to the fact. He testified that the offence was committed upon the 7th, and that the victim died on the 8th; and gave a circumstantial account of all that took place between the commission of the offence and the death, covering a period of about twenty-four hours. Several witnesses, including the medical attendant, testified that the death occurred upon the 9th day. There was evidence also that the defendant himself was sent for during the last moments of the victim's life, and that he did not arrive at the house till after the death; and he, being a witness, testified that it was upon the 9th that he was called, and went to the house, and found her dead.

In this state of the evidence, it is apparent that it was the duty of the government officer to contend that the offence was committed upon the 8th, not necessarily to avoid the alibi which the defendant had set up, but in order to reconcile the apparent conflict in the evidence offered by the government. The defendant had no right to contend that the government was bound by the time stated by the witness, and estopped to contend that it was on any other day; and time is never necessarily to be proved as laid, except where it is an element of the offence. Nor is it a hardship to the defendant. It may be that he does not derive the benefit from the mistake which he had hoped. It

was within his power, and it was his duty, to ask for delay, if he was surprised, and to meet the new aspect of the case, if it was new to him; and the presiding judge, in his discretion, would have prevented any prejudice to the defendant. But the defendant asked no delay, but, instead of that, asked a strictly technical ruling, based upon a mistake in fact and involving a rule of law which it would have been erroneous to give. The ruling which he asked the court to give was, that " the government having proved by the witness, Weller, that the offence was committed on July 7th, and rested upon that, it was bound by his (Weller's) statement, and the district attorney cannot, in his argument, discredit his witness, and argue that the offence was committed on a different day, to avoid the alibi."

The testimony of a witness to a fact does not prove the fact, and it does not appear to be true, as matter of fact, that the government rested upon such proof; for by the bill of exceptions it appears that the government proceeded with its case, and established the fact, as it contended, that the death occurred on the 9th, instead of on the 8th, as the witness had testified. It further appears, from the bill of exceptions, that the attention of the jury was especially called by the court to this discrepancy in the evidence; and the jury's attention was called to the fact that the principal witness, if honest, must be mistaken either as to the time of the operation or the interval between that and the death of his wife, if the other evidence in the case were believed. A portion of the instructions on this subject is given in the bill of exceptions, and it appears from the instructions given that the attention of the jury was particularly called to this error as it bore upon the matter of the alibi. The language of the bill of exceptions is, (after stating the portion of instructions given,) "The court then went on to instruct the jury how this question affected the alibi." These instructions must be deemed sufficiently favorable to the defendant. He did not state them, nor did he ask any different instructions from those given, nor any change or modification.

Nothing appears to show a mistrial; but, on the other hand, the rights of the defendant appear to have been carefully guarded, and the attention of the jury carefully directed to the precise point upon which the defendant relied. It is not one of the

rights of the defendant to be-acquitted of a crime solely upon the ground that a witness for the government has made a mistake in stating the day of the month.

The defendant's counsel, in their argument, contend that the Commonwealth is estopped to deny that the offence was committed on the 7th, for the reason that it is alleged in the indictment and the principal witness testified that it was on the 7th. This is a novel application of the doctrine of estoppel. An elementary rule of pleading is that a time certain must be named for the commission of the offence charged, but, except where the time is an element of the offence, it need not be proved as laid.

The other branch of the proposition, that the government is bound by estoppel to the statement of a witness as to time, would be still more difficult to maintain. Time is determined not abstractly, but artificially and by events. The day before the death of the witness's wife, and more especially if the death is caused in the manner charged in this indictment, is a time certain. It may have been upon one day of the month, or upon another; but its relation to the act of the defendant, if such act were committed by him, is much more likely to impress the memory than its relation to any day in the calendar. By which time is the government to be estopped?

It is said by the defendant's counsel that the district attorney did not state until his closing argument that he should contend that the offence was committed on the 8th. It would be doing great injustice to the ability and acuteness of the defendant's counsel to suppose that it was not entirely apparent to them that such would necessarily be the line of argument. There is no rule of law which requires the closing counsel to give notice to the opposing counsel of what his line of argument is to be; and it has already been intimated that courts will carefully guard the rights of parties against surprise.    *Exceptions overruled.*