## COMMONWEALTH vs. JOHN MAHONEY.

Norfolk. January 12.—15, 1883. FIELD & W. ALLEN, JJ., absent.

At the trial of a complaint for an unlawful sale of intoxicating liquor, the identity of the offence is not to be determined solely by the date named in the complaint or that given in evidence; but if the sale testified to in the appellate court is the same as that testified to in the lower court, it is immaterial that the witness, in fixing the date in the lower court, named one which does not correspond with that given in his testimony in the appellate court.

COMPLAINT to the District Court of East Norfolk, charging the defendant, on July 5, 1882, at Randolph, with an unlawful sale of intoxicating liquor to Richard Uniac. Trial in the Superior Court, before *Colburn*, J., who allowed a bill of exceptions, in substance as follows:

The only witness for the government was Uniac, who testified that, on July 10, 1882, he purchased a quantity of intoxicating liquor of the defendant; that he was the only witness on the trial of the complaint in the District Court; that he testified in that court that the sale was made on July 6, 1882; that there was no evidence there of any sale upon any day other than July 6; that he made a mistake in his testimony in the District Court; that the sale actually took place on July 10, and not on July 6; and that he testified to one and the same transaction at both trials.

The defendant asked the judge to rule that, if there was no evidence before the District Court of a sale other than of one upon July 6, and if the only evidence at the present trial related to a sale upon July 10, then the offence here testified to was not the offence of which the defendant was convicted in the District Court, and the jury should return a verdict of not guilty; and that, if the jury should find that the sale was made on July 10, they should return a verdict of not guilty.

The judge refused so to rule; and instructed the jury that, if the transaction here testified to was the same transaction testified to in the District Court, it made no difference as to the identity of the offence that the witness fixed the date in the District Court as July 6, and now fixes it as July 10.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*O. A. Galvin & J. W. O'Brien*, for the defendant, cited *Commonwealth* v. *Crawford*, 9 Gray, 129, 131.

*G. Marston*, Attorney General, *& C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J. A defendant cannot be legally convicted in an appellate court of a different offence from that of which he was convicted in the court appealed from. He can only be tried for the same offence. But the identity of the offence is not to be determined solely by the date given in the complaint or testified to by the witnesses. Time is often, as in the case at bar, not a material element of the offence, and need not be proved as alleged. The identity may be determined by other facts and circumstances. In the case at bar, the jury have found that the sale of liquor testified to in the Superior Court was the same sale which the witness testified to in the court appealed from. The mistake of the witness in fixing the day of the sale, in his testimony in the lower court, is immaterial. The defendant has been convicted in the Superior Court of the same offence of which he was convicted in the court below, and has no ground of complaint. *Commonwealth* v. *Dillane*, 11 Gray, 67. *Commonwealth* v. *Baldwin*, 129 Mass. 481.

*Exceptions overruled.*